FILED
·SUPERIOR COURT
OF GUAM

2014 MAR 25 PM 6: 14

CLERK OF COURT
BY:_____



# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| JAMES JI and NARCISA SAN AGUSTIN, ) | Civil Case no. CV1007-09 |
| Plaintiffs, ) | |
| vs. ) | **DECISION AND ORDER** |
| VERONICA T. GARRIDO and DOES 1-10, ) | |
| Defendants. ) | |

This matter is before the Honorable Judge Michael J. Bordallo. Pursuant to Rule 7.1 of the Local Rules of the Superior Court of Guam, Defendant's Motion to Recuse Peter Perez as Counsel for Plaintiff was taken under advisement on February 18, 2014. Defendant movant was represented by attorney Vincent Leon Guerrero. Plaintiffs were represented by attorney Peter C. Perez. Having received and reviewed the arguments, papers, and file herein, the Court now issues the following motion denying Defendant's request.

## BACKGROUND

This case arises out of Plaintiffs' July 8, 2009 Complaint to Quiet Title and for Slander of Title.

On January 24, 2014, Defendant filed a motion to recuse Peter Perez. In support of her request Defendant asserts that in February of 2010 she contacted attorney Perez concerning her representation in the instant case. Defendant asserts that she discussed the case with Mr. Perez and relayed confidential information and shared all of her documents. She cites to Rule 1.9 of



the Guam Rules of Professional Conduct and a U.S. Federal 7th Circuit case that explains that client consultations establish sufficient attorney client relationships to create conflicts of interest that require recusal.

Plaintiffs filed their opposition on February 7, 2014. In it they assert that: there has been no former representation of Defendant by Mr. Perez or his firm, Mr. Perez never met with Defendant, never received or reviewed any documents from her regarding this case and never received or reviewed any confidential information from Defendant regarding this case. They assert that Mr. Perez or his former firm have no records of his ever meeting or consulting with Defendant. They further argue that Defendant has failed to produce any document to support her assertions. Specifically Plaintiffs refer to a communication between Defendant and Vincent Leon Guerrero which provides,

> Vince, on or about FEB 2010. I called Atty. Pete Perez Jr. regarding seeking representation for my civil case #CV-1007-09 (sic) I was instructed to drop any documents, reference this case to the office for his review. I made frequent follow up calls. A week or so later. I was contacted by secretary and the message to me was he was unable to take the case due to a conflict of interest with Mr. James Ji.

Opp. at 3. Plaintiffs emphasize that this communication contrary to Defendant's declaration does not indicate that Mr. Perez and Defendant ever, reviewed confidential information, met together or spoke with one another.

Plaintiff did not file a reply.

## DISCUSSION

Rule 1.9(a) provides,

> A lawyer who, has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

Guam R. Prof'l Conduct 9.1(a). Paragraph 20 of the Preamble to the Guam Rules of

Professional Conduct provides in part that,

> . . . the purpose of the Rules can be subverted when they are invoked by opposing parties as procedural weapons. The fact that a Rule is a just basis for a lawyer's self-assessment, or for sanctioning a lawyer under the administration of a disciplinary authority, does not imply that an antagonist in a collateral proceeding or transaction has standing to seek enforcement of the Rule.

*Id.* at Preamble ¶ 20.

In 2002 the Guam Supreme Court analyzed Rule 1.9. *Guerrero v. Moylan*, 2002 Guam 18 ¶ 49. It explained that while Rules 1.7 and 1.9 of the Guam Rules of Professional Responsibility, "both address an attorney's conflict of interest, and prohibit an attorney from representing a client whose interests are adverse to the interests of another former or current client. . . . . this court may question whether [Movant] has standing to assert a conflict of interest and disqualify opposing counsel." *Id.* Additionally, the Court explained that a finding of a materially adverse interest must be supported by a showing of prejudice. *Id.* at ¶ 51.

In this case the Parties have made directly conflicting assertions regarding the extent and degree if any that Mr. Perez represented or discussed confidential information with Defendant. Under the above standard and in light of the conflicting assertions the Court is not persuaded that there has been a sufficient showing of facts for it to require the recusal of Mr. Perez from this action. Based upon the limited and non-specific assertions of the Defendant the Court is unable to find that the information that may have been reviewed by Mr. Perez is prejudicial nor that he has acquired from the interaction information that would now be harmful. Absent this, under the above circumstances, the Court is unable to grant Defendant's request.

## CONCLUSION

For the above reasons Defendant's motion to recuse is DENIED.

SO ORDERED, this 25th day of March, 2014.

Pre-Trial Conference is set for April 8th, 2014 at 11:00am.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

V. Lin Guerrero/
Peter C. Perez

Date: 3/25/14   Time: 6:15

Deputy Clerk, Superior Court of Guam